# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| B.A., a Minor, by and through his Parent and Natural Guardian, SHEENA SINGH, individually and on behalf of all other similarly situated minor children,<br><br>          Plaintiff,<br><br>  v.<br><br>GOPHER RESOURCE, LLC; ENVIROFOCUS TECHNOLOGIES, LLC; ENERGY CAPITAL PARTNERS MANAGEMENT, LP; and ECP GOPHER HOLDINGS, LP,<br><br>          Defendants. | Case No. _____ |

## NOTICE OF REMOVAL OF DEFENDANTS GOPHER RESOURCE, LLC, ENVIROFOCUS TECHNOLOGIES, LLC, ENERGY CAPITAL PARTNERS MANAGEMENT, LP AND ECP GOPHER HOLDINGS, LP

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441, 1446 and 1453, Defendants Gopher Resource, LLC ("Gopher"), Envirofocus Technologies, LLC ("EFT"), Energy Capital Partners Management, LP ("ECPM") and ECP Gopher Holdings, LP ("Gopher Holdings," and collectively with Gopher, EFT and ECPM, "Defendants"), by and through their undersigned counsel, hereby remove this action—with an express reservation of all defenses and all rights—from the Circuit Court of the Thirteenth Judicial Circuit of

the State of Florida, in and for Hillsborough County, to the United States District Court for the Middle District of Florida, Tampa Division.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction, Defendants assume the truth of the allegations of Plaintiff B.A. ("Plaintiff") without admitting the truth of those allegations.  This Court, in turn, has jurisdiction over this action pursuant to CAFA, because it is a putative class action with more than 100 members in the proposed class, there is minimal diversity and the amount in controversy readily exceeds $5 million in the aggregate.

## I.   FACTUAL BACKGROUND

1.   On March 19, 2026, Plaintiff filed a Class Action Complaint ("Complaint") in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, captioned <u>B.A., a Minor, by and through his Parent and Natural Guardian, Sheena Singh v. Gopher Resource, LLC, et al.</u>, Case No. 26-CA-003141.  A copy of the Complaint is attached hereto as **Exhibit 1**.

2.   Plaintiff purported to effectuate service of the Complaint on Gopher Holdings on March 25, 2026, on EFT and ECPM on March 26, 2026 and on Gopher on March 30, 2026.  A copy of the summonses for each of the Defendants are attached hereto as **Exhibits 2 through 5**.  The service of process receipts for each Defendant are attached hereto as **Exhibit 8**.

3.      Plaintiff alleges that he is a minor child who resided with a family member who worked at the "Gopher Resource lead smelting facility located at 6505 Jewel Avenue, Tampa, Florida 33619 (the 'Tampa Facility')."  Ex. 1 (Compl.) ¶ 1. As a result of "Defendants'" allegedly "intentional, negligent and/or reckless operation of their Tampa Facility" (id. ¶ 1), Plaintiff's family member was purportedly "exposed to hazardous substances while working at the Tampa Facility" (id. ¶ 8), including "lead, lead dust, lead-containing products, cadmium, arsenic, sulfur dioxide, dioxins and/or other toxic and hazardous substances" (id. ¶ 5). Plaintiff alleges that the family member "unwittingly carried home" these hazardous substances from the Tampa Facility, thereby exposing Plaintiff.  Id. ¶ 8.  "As a result," Plaintiff alleges he "has suffered personal injuries."  Id.

4.      Plaintiff purports to bring this action on behalf of himself and a putative class of "[a]ll minor children (under the age of 18) who (a) resided in a household in Hillsborough County, Florida with a worker employed at" the Tampa Facility "at any time on or after July 24, 2024; and (b) who, as a result of such residence, were exposed to hazardous substances including lead, cadmium, arsenic, sulfur dioxide, and/or dioxins brought home by said worker from the Tampa Facility."  Ex. 1 (Compl.) ¶ 10.  The Complaint further alleges that Defendants' operation of the Tampa Facility resulted in the release and discharge of hazardous substances, which workers unwittingly carried home on their bodies and clothing and in their

3

automobiles, thereby purportedly exposing their family members, including minor children, to dangerous levels of hazardous substances. See id. ¶¶ 39-42, 46-49.

5.      The Complaint asserts causes of action for negligence and medical monitoring against all Defendants (Ex. 1 (Compl.) ¶¶ 53-79), and seeks, among other things, a judgment "against Defendants, jointly and severally, for compensatory damages" as well as a "court-supervised medical monitoring fund sufficient to provide appropriate and ongoing medical tests and surveillance to all Class Members[.]" Id. at 20 (Prayer for Relief).

6.      The allegations and claims in the Complaint are the same or similar to those asserted in another, recent class action against three of the four Defendants in this action filed on July 4, 2024, in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County. See Fourth Am. Compl. (Dkt. 703), Brown, et al. v. Gopher Resource, LLC, et al., Case No. 2021-CA-004494 (Fla. 13th Jud. Cir. Ct.) ("Brown"). Brown was brought against Gopher, EFT and Gopher Holdings by a group of named plaintiffs who alleged the entities "own and operate" a "lead smelting facility . . . at 6505 Jewel Avenue, Tampa, Florida 33619 (the 'Tampa Facility')." Id. ¶ 1. The named plaintiffs in Brown alleged that due to the actions of Gopher, EFT and Gopher Holdings, workers at the Tampa Facility and by extension their family members were allegedly "exposed" to "lead, cadmium, arsenic, sulfur dioxide and other hazardous and/or toxic

4

substances." Id. ¶ 35.  The workers then allegedly "carried home" those hazardous substances thereby exposing family members, including some named plaintiffs, who lived with them.  See, e.g., id. ¶ 65.  As a result, the family members allegedly suffered personal injuries.  See, e.g., id. ¶ 66.

7.     The named plaintiffs in the Brown action asserted a cause of action for negligence on a class-wide basis under Florida Rule of Civil Procedure 1.220 (see Fourth Am. Compl. (Brown Dkt. 703) ¶¶ 84-108), and sought to represent a class that included, among other members, "all individuals who worked at the Tampa Facility . . . from January 1, 2006 to the date of preliminary approval and all spouses, partners, minor children and other family members who resided with any such worker during the period of employment or at any time within four (4) years thereafter, up to the date of preliminary approval."  Id. ¶ 84.

8.     The parties in Brown entered into a class action settlement, which was granted preliminary approval on July 24, 2024 and final approval on March 24, 2025. See Preliminary Approval Order (Brown Dkt. 720); Final Approval Order (Brown Dkt. 754).  In granting preliminary approval, the court in Brown appointed Michael J. Fuller, Jr. of Farrell & Fuller Law as settlement class counsel.  See Preliminary Approval Order (Brown Dkt. 720) ¶ 10.  Mr. Fuller is also Plaintiff's counsel in this action.  See Ex. 1 (Compl.) at 21.

9.      The parties' settlement creates a claims adjudication process through which settlement class members can seek a payment from a cash fund.  See Class Action Settlement Agreement And Release (Brown Dkt. 707) § VII, ¶ 1.  Settlement class members are required to submit claim forms and supporting documentation that substantiate their class membership and their alleged injuries to a special master, appointed by the court in Brown.  See id.  The special master is charged with reviewing each claim form and supporting documentation submitted by a member of the settlement class, along with any submissions made by defense counsel and settlement class counsel in support of or opposition to the claim, to determine whether the settlement class member is entitled to a payment of damages, and if so, in what amount.  See id. § VII, ¶¶ 4-5.  The claims adjudication process began last year and is ongoing.

10.     As part of the settlement in Brown, a monitor was also appointed by the court in that case, and the monitor is charged with responsibility for monitoring the Tampa Facility to ensure it is operated in a manner consistent with applicable state and federal law.  See Class Action Settlement Agreement And Release (Brown Dkt. 707) § X, ¶ 1.

## II.    THIS COURT HAS JURISDICTION PURSUANT TO CAFA

11.     This case is removable, and this Court has jurisdiction pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441 and 1453, because (1) this case is a putative

class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class and at least one Defendant are citizens of different states; and (3) the Complaint places in controversy an amount that readily exceeds $5 million in the aggregate, considering all damages sought on behalf of Plaintiff and the proposed class, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1332(d)(6).

12.     A notice of removal "need not contain evidentiary submissions." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014). Defendants must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied. See Dart Cherokee, 574 U.S. at 89. Thus, while Defendants deny any and all liability as to Plaintiff's claims and further deny that this matter should proceed at all, each of CAFA's jurisdictional requirements are satisfied here.

### A.   This Is A Putative Class Action In Which The Proposed Class Exceeds 100 Members

13.     A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7

14.     This lawsuit meets that definition.   The Complaint indicates that "Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to Rule 1.220 of the Florida Rules of Civil Procedure[,]" Ex. 1 (Compl.) ¶ 10, which authorizes an action to be "maintained on behalf of a class by one party or more suing . . . as the representative of all the members of a class[.]" Fla. R. Civ. P. 1.220(a).

15.     CAFA requires that the proposed class consist of at least 100 persons. See 28 U.S.C. § 1332(d)(5)(B).

16.     The Complaint alleges that "[t]he Class is so numerous that joinder of all members is impracticable" and that, "[u]pon information and belief, there are hundreds of minor children who reside or resided in households with workers employed at the Tampa Facility and who have been exposed to hazardous substances." Ex. 1 (Compl.) ¶ 25 (emphasis added).  The Complaint further alleges that "[t]he Tampa Facility employs or has employed a substantial workforce over the relevant time period" and that "[g]iven the size of the workforce and duration of operations, the class is sufficiently numerous to warrant class treatment." Id. ¶ 26. Plaintiff's own allegations thus establish that the proposed class exceeds the 100-person threshold for CAFA jurisdiction to be met.   Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### B.    There Is Minimal Diversity Among The Parties

17.    To establish federal jurisdiction under CAFA, a defendant must show only minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Removal therefore is proper when the citizenship of even one proposed class representative or class member is different from the citizenship of one defendant.  See, e.g., Dart Cherokee, 574 U.S. at 85 (noting that the parties must be "minimally diverse" to warrant removal under CAFA).

18.    The Complaint alleges that Gopher is "a limited liability company organized and existing under the laws of the State of Minnesota" with "its principal place of business located at 2900 Lone Oak Parkway, Suite 140A, Eagan, MN 55121." Ex. 1 (Compl.) ¶ 12.  Under CAFA, an unincorporated association "shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  Accordingly, Gopher is a citizen of the State of Minnesota for purposes of diversity jurisdiction under CAFA.  See id.; see also City of East St. Louis v. Netflix, 83 F.4th 1066, 1071 (7th Cir. 2023) (collecting cases and holding that "§ 1332(d)(10) tells us that, for the purposes of § 1332(d), an unincorporated entity is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the [members]' citizenship ignored"); Kenney

9

v. Jacksonville Spine Ctr., 2023 WL 2930937, at *4 n.3 (M.D. Fla. 2023), report and recommendation adopted (M.D. Fla. Mar. 17, 2023) ("Under CAFA, an unincorporated association is a citizen of the state where it has its principal place of business and the state under whose laws it is organized"); Siloam Springs Hotel v. Century Sur. Co., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity jurisdiction purposes is determined by its state of organization and principal place of business, not by the citizenship of its members.").

19.     The Complaint further alleges that ECPM is "a limited partnership organized and existing under the laws of the State of Delaware" with "its principal place of business located at 40 Beechwood Road, Summit, New Jersey." Ex. 1 (Compl.) ¶ 14. Accordingly, ECPM is a citizen of the State of Delaware and the State of New Jersey for purposes of diversity jurisdiction under CAFA. See 28 U.S.C. § 1332(d)(10); see also City of East St. Louis, 83 F.4th at 1071; Kenney, 2023 WL 2930937, at *4 n.3; Siloam Springs Hotel, 781 F.3d at 1237 n.1.

20.     The Complaint further alleges that Gopher Holdings is "a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of New Jersey." Ex. 1 (Compl.) ¶ 15. Accordingly, Gopher Holdings is a citizen of the State of Delaware and the State of

10

New Jersey for purposes of diversity jurisdiction under CAFA. See 28 U.S.C. § 1332(d)(10); see also City of East St. Louis, 83 F.4th at 1071; Kenney, 2023 WL 2930937, at *4 n.3; Siloam Springs Hotel, 781 F.3d at 1237 n.1.

21.    Finally, the Complaint alleges that Plaintiff B.A. "resided with a family member who worked at the Tampa Facility at 6505 Jewel Avenue, Tampa, Florida 33619." Ex. 1 (Compl.) ¶ 8. Although residence and citizenship are not coextensive, because Plaintiff alleges that he resided in Hillsborough County, Florida, and nowhere else, because Plaintiff is a minor child and because the alleged injuries (if any) took place while he was present in Florida, the strongest inference from the Complaint is that Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction under CAFA. In addition, given that the strongest inference from the Complaint is that the proposed class includes minor children residing in Hillsborough County households (see disc. supra at ¶ 16), many of the unnamed members of the proposed class are likely to be Florida citizens as well. Moreover, there is no allegation that Plaintiff or any members of the proposed class are citizens of the State of Minnesota, the State of Delaware or the State of New Jersey.

22.    Diversity of citizenship thus exists between Gopher, ECPM and Gopher Holdings and at least one member of the proposed class. The minimal diversity requirement is satisfied.

## C.   The Amount In Controversy Exceeds $5 Million

23.     Defendants deny that Plaintiff or members of the proposed class are entitled to any of the damages that Plaintiff seeks here.  Plaintiff's allegations are entirely without merit.  For purposes of this Notice of Removal, however, the amount in controversy exceeds $5 million, exclusive of interest and costs, and thus satisfies the amount-in-controversy requirement of CAFA.  See 28 U.S.C. § 1332(d)(2).

24.     CAFA provides that, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  The amount in controversy is determined by aggregating the value of the claims of each putative class member based on the allegations in the operative complaint.  See Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million.").

25.     Where a pleading does not state a dollar amount, the defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee, 574 U.S. at 81.  Any assessment of the total amount in controversy must take into consideration not only damages, but also the expenses that would be associated with any other

12

prospective relief ordered by the Court.  See, e.g., Keeling v. Esurance Ins. Co., 660 F.3d 273, 274 (7th Cir. 2011) (considering the costs of a defendant's compliance with the requested injunctive relief as part of the amount-in-controversy analysis for purposes of CAFA); see also Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347-48 (1977) (determining that the "costs of compliance [with court-ordered injunctive relief] are properly considered in computing the amount in controversy" under a previous version of 28 U.S.C. § 1331).

26.    The Complaint alleges that as a result of Defendants' conduct, "Class Members have suffered from severe and permanent physical pain, mental anguish, and disabilities, and will continue to do so; have suffered the loss of a normal life; and have incurred and will continue to incur expenses for necessary medical treatment."  Ex. 1 (Compl.) ¶ 62.  In addition to compensatory damages, the Complaint seeks a "court-supervised medical monitoring fund sufficient to provide appropriate and ongoing medical testing and surveillance to all Class Members." Id. at Prayer for Relief ¶¶ C-E.

27.    The Complaint alleges that there are "hundreds of minor children" in the proposed class.  Ex. 1 (Compl.) ¶ 25.  The Complaint further alleges that this action seeks "damages in excess of $30,000 per class member, exclusive of interest, attorneys' fees and costs." Id. ¶ 22.

28.     Crediting Plaintiff's allegation of damages in excess of $30,000 per class member, a class of only 167 members would exceed the $5 million CAFA threshold.  Given that Plaintiff alleges the proposed class includes "hundreds" of members (Ex. 1 (Compl.) ¶ 25), the $5 million threshold is readily exceeded based on compensatory damages alone—before accounting for the cost of the requested court-supervised medical monitoring program, which would only serve to further increase the amount in controversy.  Given the request for medical monitoring, the amount of damages that Plaintiff intends to seek on behalf of himself and putative class members is likely substantially higher than the amount-in-controversy threshold.  CAFA's amount in controversy requirement is thus satisfied.

### III.  <u>COMPLIANCE WITH REMOVAL STATUTE</u>

29.     The Notice of Removal was properly filed in this District and in this Division, because the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, is located in this District and Division.  <u>See</u> 28 U.S.C. § 1441(a); 28 U.S.C. § 89(b).

30.     The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.  <u>See</u> 28 U.S.C. § 1446(a).

31.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as **Exhibits 1 through 5** are true and correct copies of the Complaint (Exhibit 1) and the summonses for each Defendant (Exhibits 2 through 5).  A copy of the docket

sheet from the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County, is attached as **Exhibit 6**. Defendants have not filed an answer or other response to the Complaint in state court prior to removal. The only pending motion currently filed under Florida procedural rules in state court is an Unopposed Motion for Extension of Time to Respond to Plaintiff's Complaint, filed by Defendants on April 13, 2026. That motion is attached as **Exhibit 7**. A legible copy of each paper docketed in the state court that is not included among the Notice's other exhibits are attached as **Exhibit 8**, and a copy of the state court civil cover sheet is attached as **Exhibit 9**.

32.    Plaintiff also purported to serve discovery requests on Defendants concurrently with the Complaint. Those requests were improper under Florida Rule of Civil Procedure 1.280(f), because Plaintiff had yet to serve initial disclosures.[1] Plaintiff has since served initial disclosures, doing so on April 8, 2026 and re-served its discovery requests on April 14, 2026. Upon removal, however, Plaintiff's state court discovery becomes "null and ineffective . . . by operation of Federal Rule of Civil Procedure 26(d)(1)," which prohibits discovery before the parties have conferred as required by Rule 26(f). See, e.g., Curkovic v. Bottling Grp., 2017 WL

---

[1] Section 1446(a) does not require Defendants include Plaintiff's discovery requests with this Notice. See Nam v. U.S. Xpress, 2011 WL 1598835, at *4 (N.D. Ga. 2011) ("Defendants are not required to file with the removal notice copies of all discovery served on them in the state court below as those documents do not constitute "process, pleadings, and orders' as contemplated by Section 1446(a).").

15

11718379, at *2 (M.D. Fla. 2017) (collecting cases); see, e.g., Andrews v. McPherson, 2024 WL 3307308, at *1 n.2 (S.D. Ala. 2024) ("The record indicates that the Plaintiff served the Defendants with discovery requests while this case was still pending in state court. Rule 26(d)(1)'s general prohibition on discovery applies now that the case has been removed to this Court.").

33.    The Notice of Removal is filed within 30 days of service of the Complaint on Defendants, making this Notice of Removal timely under 28 U.S.C. § 1446(b)(1); see also disc. supra at ¶ 2 (Complaint was served on Gopher Holdings on March 25, 2026, on EFT and ECPM on March 26, 2026, and on Gopher on March 30, 2026).

34.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County.

35.    Defendants reserve the right to amend or supplement this Notice of Removal. Defendants further reserve all rights and defenses, including those available under the Federal Rules of Civil Procedure and any other applicable rules, statutes or case law.

16

## IV.  CONCLUSION

Defendants respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County.  Defendants further request such other relief as this Court deems appropriate.

Date: April 24, 2026

/s/ Joseph H. Varner, III
Joseph H. Varner, III (Lead Counsel)
Brian S. Goldenberg
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602
(813) 227-8500
joe.varner@hklaw.com; brian.goldenberg@hklaw.com

and

Mark S. Mester (pro hac vice forthcoming)
Robin M. Hulshizer (pro hac vice forthcoming)
Robert C. Collins III (pro hac vice forthcoming)
Dylan Glenn (pro hac vice forthcoming)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel: (312) 876-7700 / Fax: (312) 993-9767
mark.mester@lw.com
robin.hulshizer@lw.com
robert.collins@lw.com
dylan.glenn@lw.com

*Counsel for Defendants Gopher Resource, LLC, Envirofocus Technologies, LLC, Energy Capital Partners Management, LP and ECP Gopher Holdings, LP*