UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

B.A. a Minor, by and through
his Parent and Natural
Guardian, SHEENA SINGH,
individually and on behalf of
all other similarly situated
minor children,

        Plaintiff,

v.                                Case No. 8:26-cv-1192-JLB-AAS

GOPHER RESOURCE, LLC
et al.,

        Defendants.
_____/

## ORDER

Defendants Energy Capital Partners Management, LP (ECPM) and ECP Gopher Holdings, LP (Gopher Holdings) move to stay discovery as to them pending the resolution of the motion to dismiss. (Doc. 28). The plaintiff did not respond and the time to do has passed. Accordingly, the motion to stay is treated as unopposed. Local Rule 3.01(d), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.")

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 F. App'x. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to

1

dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the defendants' motion to dismiss is that the court lacks personal jurisdiction over ECPM and Gopher Holdings. *See* (Doc. 33). The motion to dismiss also alleges the plaintiff fails to state a claim against ECPM or Gopher Holdings because the complaint "lacks a single factual allegation connecting ECPM or Gopher Holdings to the alleged misconduct." (*Id.* at p. 3). Without remarking on the merits of the defendants' motion to dismiss, the court finds good cause for a temporary stay of discovery as to ECPM and

2

Gopher Holdings. The motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims. Although such a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines the plaintiff's complaint is subject to dismissal.

Accordingly, ECPM and Gopher Holdings motion to stay discovery (Doc. 28) is **GRANTED**. Discovery is **STAYED** as to ECPM and Gopher Holdings pending the court's ruling on the defendants' motion to dismiss (Doc. 33).

**ORDERED** in Tampa, Florida, on July 9, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3